## THOMAS CLARK v. COMMONWEALTH.

**Criminal Law—Excuse for Committing Crime Elsewhere.**

It can be no excuse for a commission of a crimnial act in this State, by alleging that the same thing had been done in another State.

**Same—Property Found in Possession of Accused.**

When property has been stolen in this State, and found in the possession of the accused in another State, the court may look into the legal relation he sustains to it, and if this be a guilty possession, it is evidence that he was the guilty taker.

**Indictment.**

An indictment charging defendant with stealing "one horse, the personal property of Charles A. Haskins, worth $100.00," is held good to protect defendant against any subsequent action, by reason of a too general description.

**Instructions.**

In a prosecution for stealing a horse in Kentucky and removing it to Ohio, the following instruction was properly refused: "That possession of stolen property in Ohio is no evidence of a crime having been committed in Kentucky and such possession cannot be presumed as a guilty possession against a party indicted in Kentucky."

APPEAL FROM KENTON CIRCUIT COURT.

April 21, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant having been convicted of stealing the horse of Charles A. Haskins, worth $100, from his pasture in Kenton county, in this State, and sentenced to four year's labor in the State penitentiary, he seeks a reversal.

The evidence established that the horse was taken from Haskins' pasture some seven miles from Covington, between Saturday night and Monday morning, in September, 1867, that on the following Thursday he found the horse in the sale stable of Thompson, on Fifth street, in Cincinnati, Ohio; that Clark brought the horse there up an alley and offered him for $120—represented his name as Thomas Boyd and that he lived with his mother in Ohio, just back of Cincinnati, and had brought the horse from the farm; not getting his price he returned through the same alley and sold the horse for $50 to Nulty; that he lived in Covington, and had for many years, and had a family residing there. On the trial he introduced no evidence to account for the possession of the horse.

Exceptions were taken to the first and second instructions given at the instance of the Commonwealth's attorney and to the refusal to give instruction No. 2 for defendant.

Instruction No. 1 for the State directed the jury that if they believed from the evidence that the defendant, Thomas Clark, before the 16th day of April, 1868, in Kenton county, wrongfully took, stole and carried away the horse in the indictment mentioned, the property of Charles A. Haskins, etc., they should find him guilty, etc.

No. 2 informed them that the possession of property recently after it has been stolen is presumed by law to be a guilty possesssion, but which might be rebutted by showing that the possession was consistent with the innocence of the possessor.

No. 2 rejected asked the court to say to the jury "that possession of stolen property in Ohio is no evidence of a crime having been committed in Kentucky and such possession cannot be presumed as a guilty possession against a party indicted in Kentucky."

The horse was feloniously taken in Kenton county; some one, therefore, perpetrated a crime against our laws; a felony was committed in Kentucky; this violation of Kentucky's law is made out without any reference to the possession of the accused in Ohio.

Where the original taking was in another State, as was said by this court in *Ferrell and Ballard vs. Commonwealth, 1 Duvall 157,* quoting *Bish. Crim. Law, section 596,* "always where a man has property in this State, we may look into the legal relation he sustains to it, if he has stolen it in another State." So when property has been stolen in this State and is found in the possession of the accused in another State, we may look into the legal relation he sustains to it, and if this be a guilty possession it is evidence that he was the guilty taker, and especially so when he gives a false name, a false account of his residence and possession, and the taking but a few miles from the place of possession and sells the property at half its value.

All this is but evidence to identify the perpetrator of the crime in Kentucky, not to make out the crime; his residence, his contiguity to the place whence the taking, his recent possession, his conduct connected with the possession relieves the case of any doubt as to who that perpetrator was.

It is certain he offended the laws of Kentucky; he may have violated also the majesty of Ohio, but as said by Bishop's Crim. Law, section 595, and approved by this court in *1 Duvall 157,* our courts cannot punish offenses against foreign governments; nor, therefore, take cognizance of such offenses. Neither, on the other hand, can a man be heard to excuse himself for a criminal act here by alleging that he did the same thing elsewhere. And thus we conclude, that a man can neither be punished nor escape punishment for larceny here, by reason of his having committed it in another State.

There was no error in either giving or rejecting instructions.

The indictment charges him with stealing "one horse, the personal property of Charles A. Haskins," without further description of the horse. He neither demurred, moved to set aside, nor to quash the indictment, but plead to it not guilty; nor was any defect in the indictment made a cause for a new trial, but it is now insisted that the description of the property is too general for a judgment to stand upon the indictment. By section 129, Criminal Code, it is enacted that "no indictment is insufficient, nor can

the trial, judgment or other proceedings thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

Had this been assigned as a cause for setting aside the judgment it is hard to perceive how the substantial rights of the defendant could be prejudiced. The description is a horse, the property of Haskins, worth $100, and will bar any future indictment for taking a horse from Haskins previous to said indictment, whether the horse was bay, brown or sorrel, could be of no material consequence to protect defendant's rights; nor was it essential to his rights to designate whether it was mare or gelding, for this indictment will protect him against a charge of taking either from Haskins before its finding, as it is declared in section 12, chapter 21, 1 Stant Rev. Stat. 261, that "a word importing the masculine gender only, may extend and be applied to females as well as males."

Wherefore, the judgment is *affirmed.*

*Fisks,* for appellant.

*Attorney General,* for appellee.